UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELANIE GRAHAM,

    Plaintiff,

v.                                      CASE NO.:

FANATICS, INC., a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MELANIE GRAHAM ("Ms. Graham" or "Plaintiff") files this Complaint against Defendant, FANATICS, INC. ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

### JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in St. Johns County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more

employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her own serious health condition as defined by the FMLA; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Graham worked as a Supervisor for Defendant from September 26, 2016, until her termination on December 26, 2017.

8. In October 2017, Ms. Graham applied for intermittent FMLA leave for her own serious health condition.

9. Upon applying for FMLA intermittent leave, Ms. Graham's supervisor made various comments to her in interference with her FMLA rights.

10. Specifically, Defendant's supervisor made comments such as "I cannot rely on you because you are missing time for your FMLA."

11. These comments had the effect of discouraging Ms. Graham from utilizing her legally protected FMLA entitlement.

12. Defendant approved Ms. Graham's need for FMLA intermittent leave and she commenced use of same.

13. In December 2017, Ms. Graham suffered an accident and a medical issue involving her eye, that required her to take further FMLA protected leave (each of these additional medical issues were, and should have been FMLA protected).

14. Based on these medical emergencies, Plaintiff notified Defendant of the circumstances of same, and of her need to be absent from work due to these issues.

15. Plaintiff also notified Defendant that as per the instructions from her doctor, she intended to take more frequent FMLA intermittent leave moving forward.

16. Shortly upon Plaintiff's disclosure of same, Defendant terminated Plaintiff's employment under the pretextual guise that Plaintiff violated a company policy.

17. The company policy Defendant alleged Plaintiff violated, was something Plaintiff had done throughout her employment, and with full disclosure and consent from Defendant's management team.

18. The timing of Plaintiff's termination along with the pretextual reason offered for her termination, demonstrates that Defendant interfered with and retaliated against Ms. Graham for using her approved FMLA leave.

19. Plaintiff's absences stemming from her FMLA leave and what should have been FMLA protected conditions, were used to retaliate against her in the termination of her employment.

20. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

21. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff for her use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

22. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

23. The timing of Plaintiff's use of her protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected FMLA leave, and the illegal actions taken against her by Defendant.

24. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of FMLA protected leave.

25. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

26. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

30. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

31. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

33.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

34.  At all times relevant hereto, Plaintiff was protected by the FMLA.

35.  At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

36.  At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave.

37.  Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to take approved leave pursuant to the FMLA.

38.  As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

39.  As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 21st day of November 2019.

                                                    Respectfully Submitted,

                                                  By**:/s *Noah E. Storch***
                                                  Noah E. Storch, Esq.
                                                  Florida Bar No. 0085476
                                                  Richard Celler Legal, P.A.
                                                  10368 West State Road 84, Suite 103
                                                  Davie, Florida 33324
                                                  Telephone:  (866) 344-9243
                                                  Facsimile:   (954) 337-2771
                                                  E-mail: noah@floridaovertimelawyer.com
                                                  *Attorneys for Plaintiff*